RECEIVED

MAR 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARNOLD NEVAREZ,

        Petitioner,

v.

ALBERTO GONZALES, ET. AL.,

        Respondent.

Case No. 07-0226(RJL)

Honorable Judge Richard J. Leon

## MOTION FOR RECONSIDERATION ON MEMORANDUM

    **COMES NOW**, Arnold Nevarez, Petitioner, pro-se, and moves this Honorable Court of Judge Richard J. Leon to reconsider his earlier judgment for dismissal of petitioner's §2241 for want of jurisdiction, for the following reasons:

1. Upon review this Court argues that petitioner should have pursued this matter in the sentencing court by motion under §2255. See, **Taylor v. United States Board of Paroles,** 194 F.2d 822, 883 (D.C. Cir. 1952)(§2255 motion is the proper vehicle for challenging the constitutionality of the statute under which a defendant is convicted).

///// - 1

Under the statute:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relef by motion pursuant to [§2255] shall not be entertained if is appears that the applicant has failed to apply for [§2255] relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffedtive to test the legality of his dtention. Also see, **Blackledge v. Allison,** 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1971).

### ARGUMENT

Subsection §2255, of Title 28 of the United States Code, is inapplicable and without the force of effect of law where it is shown not to have been enacted by Congress, into Federal law. The Congressional Record, Vol. 94, Part 7 (June 28, 1948 to ... June 19, 1948) pg. 8229-9169, and Vol. 94, Part 8 (July 28, 1948 to December 31, 1948) pg. 9353, reveal that Congress was not assembled in session on the date(s) that Title 3, 5, 18, 21 and 28 are purported to have been enacted into law by Congress.

The United States District Court, wherein the cause herein complained of, arose, is shown to be an Executive Tribunal, without Article III judicial authority. This assertion is supported by consulting Supreme Court Rule 45, The Revised Statutes of 1878, The Judiciary Act of March 3, 1911, Executive Order 6166, **Balzac vs Porto Rico**, (1922), and **Mookine vs United States**, (1938). Thus, not authorized to entertain the cause now before the court.

The court, in similar matters (Common Law Writ Of Habeas Corpus), appears to be resorting to inapplicable statutory provisions to remove the cause to a court which the court knows lacks the autority under Article III to entertain the matter. Thereby the sustainment of an unlawful conviction and term of inprisonment via subterfuge and non-compliance with the law ( A Malcum in Se Crime?) whereby the accused/petitioner is deprived a remedy in law to redress a grievance.

///// - 2

It is the foregoing, and following, resons that the petitioner has brought his instant cause **under the common law Writ of Habeas Corpus**, and invoked the venue and jurisdiction of an Article III, Constitutional Court.

It is therefore incumbent upon this Court, in the interest of justice, by and through this Judicial Notice, [provided to the Court with original filing of §2241], as a neutral party between both petitioner and respondents, upon its own motion to Order this matter to remain in the United States District Court of the District Court of Columbia, and to issue an **ORDER TO SHOW CAUSE** to the Respondents why a **Writ of Habeas Corpus** should not issue, in their 'showing' based upon the facts and points raised in the Writ itself.

Dated:   March 15, 2007

Respectfully submitted by:

Arnold Nevarez
P.O. Box 5000
Oakdale-FCC
Oakdale, LA 71463

///// - 3